**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

IRVING J. SHERMAN REVOCABLE TRUST,

        Plaintiff,

v.                                                                     Case No: 6:19-cv-979-Orl-40DCI

ATAIN SPECIALTY INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

      This cause comes before the Court on Defendant's Response to Show Cause Order and Motion for Leave to Conduct Jurisdictional Discovery (Doc. 6). The Court does not require additional briefing to resolve this matter.

      On May 24, 2019, Defendant filed the Notice of Removal in this case, claiming that subject matter jurisdiction was proper pursuant to diversity, 28 U.S.C. § 1332. (Doc. 1). Thereafter, the Court ordered Defendant to show cause why jurisdiction was proper due to deficient jurisdictional allegations. (Doc. 5). Defendant responded, maintaining that it held a good faith belief, informed by a "diligent search," that the parties were completely diverse when the Notice was filed. (Doc. 6, ¶ 4). Nonetheless, Defendant could not be sure that complete diversity was present because Plaintiff is the only party with complete knowledge of its citizenship. (*Id.* ¶ 5). Thus, Defendant requests limited jurisdictional discovery to uncover Plaintiff's citizenship and resolve the diversity question. (*Id.* ¶¶ 7–9).

Though this procedure is less than ideal,[1] district courts have allowed limited jurisdictional discovery under somewhat similar circumstances. *See, e.g.*, *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14–cv–211–T–30MAP, 2014 WL 1268659, at *2–3 (M.D. Fla. Mar. 27, 2014); *CSDVRS, LLC v. Purple Commc'ns, Inc.*, No. 8:13–cv–1811–T–30AEP, 2013 WL 4763948, at *1–2 (M.D. Fla. Sept. 4, 2013). "[Defendant] should have sought information regarding [Plaintiff's] citizenship prior to seeking removal. Nonetheless, the Court will permit post-removal jurisdictional discovery at this time to allow [Defendant] to resolve the issue at this early stage in litigation rather than remand the case to state court, only to later discover that diversity does exist." *See United Surgical Assistants, LLC*, 2014 WL 1268659, at *2. The Court, in its discretion, grants Defendant leave to obtain limited discovery establishing Plaintiff's citizenship for diversity purposes. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts

---

[1] It bears highlighting that Defendant was derelict in its handling of removal. "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendant chose to remove within thirty days of being served with the state court complaint, pursuant to 28 U.S.C. § 1446(b)(1). (Doc. 1, ¶ 16). This perhaps explains why, despite a "diligent search," Defendant lacked enough facts to conclusively establish whether complete diversity was present. (Doc. 6, ¶ 4). In removing hastily, Defendant forewent state court jurisdictional discovery coupled with delayed removal, which was available and would have obviated the need for such discovery here. Specifically, 28 U.S.C. § 1446(b)(3) allows a defendant to remove to federal court upon receipt of "a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." *Id.* This provision allows a defendant to discover its opponent's citizenship in state court and remove beyond § 1446(b)(1)'s limit where diversity becomes evident after thirty days. Defendant, on the other hand, chose the "remove first, ask questions later" approach. This method is strongly disfavored as it incentivizes defendants to clog district courts with cases based on flimsy jurisdictional allegations and eases defendants' burden to establish a basis for diversity. *See Hines Interest Ltd. P'ship v. Southstar Capital Grp. I, LLC*, No. 6:18-cv-1147-Orl-22DCI, 2018 WL 7460045, at *6–7 (M.D. Fla. Dec. 20, 2018).

have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits").

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to Conduct Jurisdictional Discovery (Doc. 6) is **GRANTED**. Defendant may conduct limited jurisdictional discovery as described herein for a period of sixty (60) days from the date of this Order. No later than seven days after the jurisdictional discovery period terminates, Defendant shall show cause in writing why subject matter jurisdiction is proper.

**DONE AND ORDERED** in Orlando, Florida on June 10, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties